IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01627-RMR

MOHAMED SHEIKH,

    Petitioner,

v.

JOHNNY CHOATE,
JOHN FABBRICATORE,
ALEJANDRO MAYORKAS,
TAE D. JOHNSON, and
MERRICK GARLAND,

    Respondents.

---

**UNOPPOSED MOTION FOR ORDER TO
RESTRICT ACCESS TO PETITIONER'S CONFIDENTIAL
MEDICAL INFORMATION**

---

    Respondents move for an order to restrict access to Petitioner's medical records, which include mental health records, and a Forensic Competency Evaluation ordered by the immigration court, currently filed under restriction at ECF No. 20. Respondents request a Level 1 restriction on access.

    Counsel for Respondents conferred with opposing counsel in accordance with D.C.COLO.LCivR 7.1, and Petitioner does not oppose the motion to restrict.

    Respondents request restriction for the above-referenced documents in order to protect Petitioner from an unwarranted invasion of personal privacy in publicly disclosing Petitioner's medical records, including mental health records. The privacy interest here outweighs the public's right to access these records because Petitioner's situation is unique, there is little public interest in his specific circumstances, and because his privacy interest in his mental health

records is high.  *See United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015) ("[T]he privacy interest inherent in personal medical information can overcome the presumption of public access").  Medical records are amongst the category of records that have specifically been recognized in federal law as entitled to significant privacy protections.  *See* 5 U.S.C. § 552(b)(6) (exempting from disclosure medical files on the grounds that it would "constitute a clearly unwarranted invasion of personal privacy").

Petitioner's medical records here include mental health records, which are significant because he was declared incompetent to proceed *pro se* by the immigration judge in this case.  The severity of Petitioner's condition entitles him to some additional privacy protections, if, indeed, he is limited in his understanding of the proceedings.  The Court previously recognized these interests by restricting mental health records filed by Petitioner earlier in these proceedings.  *See* ECF Nos. 16, 18.

The public's interest in these documents is lessened at this point because the Court has already ruled on the merits of his Petition, and granted relief.  Although the Court referred to Petitioner's ongoing treatment in its decision, it did not rely directly on the records at issue in its order.  *See* ECF No. 27.

Respondents believe that there was no alternative to filing these records without redactions because it was important for the Court to have a full picture of Petitioner's treatment while he is in custody.  Consequently, there is no alternative means to present the information contained in the restricted documents.

WHEREFORE, Respondents request that the Court continue to apply Level 1 restrictions to the documents filed at ECF No. 20.

Dated July 29, 2022.                    Respectfully Submitted,

                                        COLE FINEGAN
                                        United States Attorney

                                        *s/ Zeyen J. Wu*
                                        Zeyen J. Wu
                                        Assistant United States Attorney
                                        1801 California St., Suite 1600
                                        Denver, Colorado  80202
                                        Telephone: (303) 454-0100
                                        Fax: (303) 454-0411
                                        zeyen.wu@usdoj.gov

                                        Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on July 29, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    llunn@rmian.org,
    cgleason@rmain.org,

and I hereby certify that I have mailed or served the document or paper, including all unpublished cases, to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the nonparticipant's name:

    None.

                                                *s/ Zeyen J. Wu*
                                                United States Attorney's Office