UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                                               Jane K. Castro
Clerk of Court                                                                   Chief Deputy Clerk

September 26, 2022

Mr. Logan P. Brown
Mr. Zeyen Julian Wu
Office of the United States Attorney
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

   **RE:   22-1311, Sheikh v. Chaote, et al**
          Dist/Ag docket: 1:22-CV-01627-RMR

Dear Counsel:

The court has received and docketed your appeal. Please note your case number above.
Copies of the Tenth Circuit Rules, effective January 1, 2022, and the Federal Rules of
Appellate Procedure, effective December 1, 2021, may be obtained by contacting this
office or by visiting our website at http://www.ca10.uscourts.gov. In addition, please note
all counsel are required to file pleadings via the court's Electronic Case Filing (ECF)
system. *See* 10th Cir. R. 25.3. You will find information regarding registering for and
using ECF on the court's website. We invite you to contact us with any questions you
may have about our operating procedures. Please note that all court forms are now
available on the court's web site.

Attorneys must complete and file an entry of appearance form within 14 days of the date
of this letter. *See* 10th Cir. R. 46.1(A). Pro se parties must complete and file the form
within thirty days of the date of this letter. An attorney who fails to enter an appearance
within that time frame will be removed from the service list for this case, and there may
be other ramifications under the rules. If an appellee does not wish to participate in the
appeal, a notice of non-participation should be filed via ECF as soon as possible. The
notice should also indicate whether counsel wishes to continue receiving notice or service
of orders issued in the case.

Although attorneys who file a notice of appeal have technically entered an appearance,
and may not withdraw without the court's permission, counsel must still file a separate
entry of appearance form. For criminal appeals, please note the court will require trial
counsel to continue the representation whether retained or appointed, until an order issues
allowing withdrawal. This is the case even if you did not sign the notice of appeal. *See*

10th Cir. R. 46.3(A). This initial continuity of counsel ensures that any criminal defendant who wishes to appeal has that appeal perfected.

Generally, the court will not allow counsel to withdraw until an entry of appearance form and the docketing statement are filed. *See* 10th Cir. R. 46.3(A). If there is an issue regarding the defendant's eligibility for the appointment of counsel, an appropriate motion must be filed in the district court. Where this is the case, it may be appropriate to file a motion seeking to extend the time for filing the motion to appoint or withdraw under the court's Criminal Justice Act plan.

You are required to file a docketing statement within 14 days of filing the notice of appeal. If you have not yet filed that pleading, you should do so within 14 days of the date of this letter. Please note that under 10th Cir. R. 3.4(B), the appellant is not limited to the issues identified in his docketing statement and may raise other appropriate issues in the opening brief. The court's docketing statement form was updated on January 1, 2019; please make sure you use the current form. It may be found at http://www.ca10.uscourts.gov/clerk/forms.

In addition to the docketing statement, all transcripts must be ordered within 14 days of the date of this letter. If no transcript is necessary, you must file a statement to that effect.

Appellant is not required to file a designation of record, but will be required to file an appendix with appellant's opening brief. *See* 10th Cir. R. 10.1 and 30.1.

Appellant must file an opening brief and appendix within 40 days after the date on which the district clerk notifies the parties and the circuit clerk that the record is complete for purposes of appeal. *See* 10th Cir. R. 31.1(A)(1). Motions for extension of time to file briefs and appendices must comply with 10th Cir. R. 27.1 and 27.6. These motions are not favored.

Briefs must satisfy all requirements of the Federal Rules of Appellate Procedure and Tenth Circuit Rules with respect to form and content. *See* specifically Fed. R. App. P. 28 and 32 and 10th Cir. R. 28.1, 28.2 and 32, as well as 31.3 when applicable. In addition, we encourage all counsel, as applicable, to be familiar with 10th Cir. R. 46.4(B). Seven hard copies of briefs must be provided to the court within five business days of the court issuing notice that the electronic brief has been accepted for filing. *See* 10th Cir. R. 31.5 and the court's CM/ECF User's Manual. Appendices must satisfy the requirements of Fed. R. App. P. Rule 30 and 10th Cir. R. 30.1(A) through (F). Appendix volumes submitted under seal must be accompanied by a separate motion to seal. *See* 10th Cir. R. 30.1(D)(6). All appendices must be filed electronically, and a single hard copy provided to the court within five business days of the court issuing notice that the electronic appendix has been accepted for filing. *See* 10th Cir. R. 30 as well as the court's CM/ECF User's Manual. Counsel are encouraged to utilize the court's Briefing & Appendix checklist when compiling their briefs and appendices.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:        Conor Timothy Gleason
           Laura Lunn

CMW/na